IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos.   CR-99-031-E-BLW |
| | ) | CR-99-039-E-BLW |
| v. | ) | CV-02-192-E-BLW |
| | ) | CV-02-193-E-BLW |
| PATRICK R. MURILLO, | ) | |
| | ) | **MEMORANDUM DECISION** |
| Defendant. | ) | **AND ORDER** |
| _____ | ) | |

Pending before the Court are Defendant's reopened Motion Pursuant to § 2255 (Docket No. 236)[1], Motion to Extend Time to Respond to Government's Response (Docket No. 275), Defective Indictment Motion (Docket No. 315) construed by the Court as Motion for Evidentiary Hearing and for Release from Custody, and Defendant's Renewed Motion to Dismiss Superseding Indictment

---

[1] Case Nos. CR-99-31-E-BLW and CR-99-39-E-BLW were consolidated for trial. Defendant filed a 28 U.S.C. § 2255 Motion in CV-02-192-E-BLW and in CV-02-193-E-BLW collaterally attacking both criminal convictions on the same grounds. All docket references herein are to Case No. CR-99-31-E-BLW unless otherwise noted.

**MEMORANDUM DECISION AND ORDER** - 1

(Docket No. 323). Also pending before the Court is the Government's Motion to Dismiss (Docket No. 307).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

Defendant Murillo was charged with conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, and two firearm counts. Six other defendants were also named in the indictment. Murillo testified at his detention hearing and, based on that testimony, was subsequently charged with perjury in a separate indictment.

The cases were consolidated for trial. All of the arrested co-Defendants pled guilty either prior to or during the initial stages of the trial except for Murillo. On September 1, 1999, Murillo was convicted on all counts and sentenced to a total of 240 months of imprisonment.[2] *See* Judgment (Docket No. 196).

Murillo had been represented by court-appointed attorney Scott Hansen from arraignment through trial. Steve Richert was appointed to assist Mr. Hansen at the

---

[2] Murillo's statements that he was sentenced to 324 months of imprisonment notwithstanding, the sentenced imposed was 240 months consisting of 156 months on Counts 1 and 3 of Case No. CR-99-31 and 60 months on Count 1 of Case No. CR-99-39 to be served concurrently to each other but to be served consecutively to a sentence of 84 months on Count 4 in Case No. CR-99-31.

**MEMORANDUM DECISION AND ORDER** - 2

trial itself.  Mr. Hansen filed the post-trial Motion for Judgment of Acquittal and New Trial (Docket No. 127) and the Amended Motion for Judgment of Acquittal and New Trial (Docket No. 149).  However, two attorneys from Salt Lake City filed the Supplemental Motion for Judgment of Acquittal and New Trial (Docket No. 175) adding a claim of ineffective assistance of counsel.  The post-trial motions were denied, and Murillo was sentenced (represented by the Salt Lake City attorneys).  He thereafter appealed, again represented by the Salt Lake City attorneys, and the conviction was affirmed by the Ninth Circuit.  *See* Memorandum Decision (Docket No. 225); *United States v. Murillo*, 2001 WL 409040 (9th Cir. 2001) (unpublished).

Murillo subsequently filed a Motion under 28 U.S.C. § 2255 challenging his sentence and conviction.  *See* Docket No. 236.  He asserted numerous claims of ineffective assistance of counsel against Mr. Hansen, prosecutorial misconduct, and actual innocence.[3]  *Id.*  Following Murillo's supplementation of his motion with voluminous exhibits and the Government's responses, the Court denied the § 2255 Motion on the merits.  *See* Docket No. 286.  However, the Court indicated that it would entertain a motion to reconsider one of the issues of alleged prosecutorial misconduct.  Shortly thereafter, on January 15, 2004, the Court *sua*

---

[3] For the details of the claims and the procedural history of the case, see the Order dismissing Defendant's § 2255 Motion (Docket No. 286).

**MEMORANDUM DECISION AND ORDER** - 3

*sponte* withdrew the decision because it had not given notice to Murillo of the deficiencies in his Motion.  See Docket No. 288.  The Court gave Murillo thirty (30) days to show cause why his motion should not be denied.

The Court granted Murillo's timely-filed motion for an extension of time to respond and ordered the response to be filed by May 20, 2004.  See Docket No. 292.  On May 17, 2004, Murillo filed yet another motion for an extension of time based on health issues, difficulty in accessing a typewriter, and ongoing attempts to obtains affidavits from various individuals pertaining to newly discovered evidence.  See Docket No. 293.  While that motion was pending, Murillo filed further responses on May 19, 2004 and July 14, 2004.  See Docket Nos. 295 and 298.  The Court ultimately granted the motion to extend.  Murillo filed a further response on November 22, 2004.  See Docket No. 305.  The Court has been extremely accommodating to Murillo throughout the course of this proceeding to ensure that he has had an opportunity to thoroughly present his claims.

On March 2, 2005, the Government filed a Motion to Dismiss.  See Docket No. 307.  Murillo responded in a timely fashion with two submissions.  See Docket Nos. 311 and 312.  He subsequently filed a Motion for Evidentiary Hearing and Release from Custody (Docket No. 315) and "Defendant's Renewed Motion to Dismiss Superseding Indictment (A Standalone Motion)" (Docket No. 323).

**MEMORANDUM DECISION AND ORDER** - **4**

Lastly, the Government filed a supplemental memorandum in support of motion to dismiss.  *See* Docket No. 325.

The Court notes that Murillo's mother contacted at least one juror requesting that juror to sign an affidavit stating that he/she would not have found Murillo guilty if the juror had been presented with certain evidence that Ms. Murillo would provide.  This action prompted the Government to file a Motion to Prohibit Contact with Jurors (Docket No. 308) without the prior authorization of the Court.  The Court granted the motion.  To the Court's knowledge, Ms. Murillo has not contacted any other jurors.

## ANALYSIS

### A.    § 2255 Motion

As noted by the Court in its Memorandum Decision dismissing the § 2255 Motion, Murillo's submissions were disjointed and difficult to follow. Nevertheless, the Court engaged in a thorough review of the arguments and documentation and assumed the truthfulness of his affidavits.  The Court rejected his claims on the merits for the reasons stated in the Memorandum Decision. However, the Court left the door open for a motion for reconsideration supported by an affidavit of Christopher Ellis on the claim of witness tampering.  As stated above, the Court shortly thereafter *sua sponte* withdrew the Memorandum

Decision to allow Murillo to show cause why his § 2255 Motion should not be dismissed for the reasons expressed in that decision.

Murillo's submissions since that date have also been disjointed and difficult to follow. For the most part, they appear to be restatements of earlier arguments. He has produced many of the same documents previously submitted. He also appears to be trying to assert new claims of ineffective assistance of counsel, prosecutorial misconduct, and actual innocence. The Government has moved to dismiss the § 2255 Motion on the grounds that Murillo has failed to cure any of the deficiencies noted in the Memorandum Decision. For the reasons set forth below, the Court agrees.

### 1. Affidavit of Enrique Armas

The Court had previously found that even if Enrique Armas's affidavit that he had never provided drugs to or done any business with Murillo were true, it did not constitute newly discovered evidence sufficient to justify § 2255 relief. In other words, it did not bear on the constitutionality of the conviction, *Herrera v. Collins*, 506 U.S. 390 (1993), *and* probably would not have produced an acquittal. *Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993). Indeed, it appears that this Affidavit had been prepared by Murillo's sentencing and appellate counsel in January, 2000, two months prior to sentencing, and submitted to this Court in

**MEMORANDUM DECISION AND ORDER -** 6

support of his Supplemental Motion for Judgment of Acquittal and New Trial. *See* Affidavit of Enrique Armas Lopez (Docket No. 177). It was unpersuasive then and it is unpersuasive now. In fact, a review of the transcript of the hearing on the post-trial motions indicates that even Murillo's counsel was unpersuaded:

> Mr. - - now, that Mr. Deland and I have represented Mr. Murillo for quite some time, Mr. Murillo has discussed with us on numerous occasions his concern that he has received information regarding the credibility of the witnesses who testified against him at trial, he has provided us with statements in that regard.
>
> I'm going to be honest with Mr. Murillo in this - - in this regard, there is nothing that has been provided to us in the form of these statements by people that have been in jail, not only with Mr. Murillo, but with Mr. Aderman (phonetic), and with other people involved in this case, nothing has been provided to us which would indicate a basis to go forward as far as new evidence relating to the credibility of witnesses.
>
> I want to be fair to Mr. Murillo on that, because I know he has a difference of opinion with us, but I wanted that to be on the record.

Transcript of Hearing on Post-Trial Motions, March 3, 2000, pp. 14 and 15.

Apparently in support of his newly discovered evidence/actual innocence claim, Murillo has submitted an affidavit of Jerry Adermann, the brother of Nick Adermann, stating that Nick admitted to him that he had lied when testifying against Murillo at the trial. This Affidavit is clearly hearsay. Furthermore, as the

**MEMORANDUM DECISION AND ORDER** - 7

Court noted in its Memorandum Decision, Adermann's testimony was of minor importance in the case and clearly secondary to the overwhelming evidence concerning Murillo's link to the conspiracy. As such, it would also fail to meet the *Herrera* standard.[4]

Murillo also submitted an affidavit of attorney Douglas K. Merkley who interviewed Nick Adermann on March 23, 2003 at the request of Mrs. Murillo. He states that Mr. Adermann admitted that he had not been truthful at the trial. However, Mr. Adermann declined to sign the Affidavit Mr. Merkley prepared and attached as an exhibit to Mr. Merkley's own affidavit. However, even if Mr. Aderman had been untruthful, that does not change the fact that his testimony at trial was of minor importance.

Murillo has submitted other statements or affidavits which the Court likewise finds are insufficient to meet the *Herrera* standard. Accordingly, the Court finds that Murillo has failed to cure the deficiency regarding the Affidavit of Enrique Armas.

### 2. Statement of Ronaldo Ortiz

The Court previously found this statement insufficient under *Herrera* in that,

---

[4] The Court notes that Jerry Adermann's Affidavit is dated December 21, 1999, but apparently was not presented to the Court until July 14, 2004. *See* Docket No. 298.

**MEMORANDUM DECISION AND ORDER - 8**

aside from evidentiary problems, it merely corroborates the Armas affidavit which the Court had found to be insufficient. Nothing has been submitted to the Court to persuade it otherwise.

### 3. Allegations Regarding the Assistant U.S. Attorney and FMC

Murillo persists in his claims that there was a conspiracy between FMC and the U.S. Attorney to prosecute him, allegedly in retaliation for his suing FMC civilly for exposure to toxic chemicals. Murillo has still submitted no evidence to support this theory.

### 4. Ineffective Assistance of Counsel

In its Memorandum Decision, the Court addressed several of Murillo's claims of ineffective assistance of counsel and found that they did not meet the *Strickland* test that requires proof of deficient performance on the part of counsel *and* resulting prejudice to his defense. *See Strickland v. Washington*, 466 U.S. 668 (1984). The rest it found incomprehensible.

As stated above, Murillo was represented by Scott Hansen pre-trial and by Mr. Hansen and Steve Richert at trial. Murillo has alleged ineffective assistance of counsel only against Mr. Hansen. Not only did he not allege ineffective assistance of counsel against Mr. Richert, Murillo stated he was quite satisfied with Mr. Richert and wished that Mr. Richert had represented him from the beginning. *See*

**MEMORANDUM DECISION AND ORDER** - 9

Docket No. 278, p. 6.  Murillo has essentially admitted that he had the effective assistance of at least one attorney at trial.  The constitution does not require more.  Furthermore, the Court specifically found at the hearing on the post-trial motions that there was no deficient performance on the part of either Mr. Hansen or Mr. Richert:

> Here I saw nothing during the trial that I could observe, nothing that's been brought to my attention since, that I think could be perceived as being objectively unreasonable in the conduct of counsel.
>
> And again, there is a broad range of conduct which will be deemed reasonable because of sound trial strategies in different cases may require very different approaches, and nothing has been brought to my attention to suggest that anything that Mr. Hansen or Mr. Richert did during the course of the trial could not have been perceived as a sound trial strategy.
>
> And finally, even if there was some deficiency in the performance of counsel, which I'm finding there was not, I - - there's been no showing of prejudice, therefore, there's no grounds for granting any relief based upon ineffective assistance of counsel.

Transcript of March 3, 2000 Hearing on Post-Trial Motions, pp. 23-25.

The Court declines to address individually the catalogue of claims regarding the pre-trial performance of Mr. Hansen beyond those addressed in the Memorandum Decision.  To the extent that they are understandable, they are either frivolous or rebutted by the record.  They are further rebutted by his attorney's

**MEMORANDUM DECISION AND ORDER** - 10

notes and correspondence, the investigator's notes, and correspondence with the Assistant U. S. Attorney, all of which were submitted by Murillo.

Even if there was some deficiency in either pre-trial or trial performance, Murillo has not demonstrated prejudice in light of the overwhelming evidence and twenty-one witnesses who testified for the Government. This Court presided over the pre-trial motions, the trial, the post-trial motions, and the sentencing. It had ample opportunity to observe counsel and Murillo at the various stages of the underlying criminal proceedings. Based on those observations, the Court concludes that Murillo's claims essentially arise out of disagreement with the strategies employed by Mr. Hansen. That is insufficient to support a claim of ineffective assistance of counsel.

### 5. Witness Tampering

In its Memorandum Decision, the Court indicated it could find no support in hundreds of pages of attachments for the allegation that the Government and an unnamed probation officer prevented Christopher Ellis from testifying. The Court further indicated that it would examine a motion to reconsider on that issue if supported by an affidavit from Mr. Ellis. Despite reviewing hundreds of pages of additional attachments, the Court can still find no support for that allegation.

### 6. New Claims

**MEMORANDUM DECISION AND ORDER - 11**

As stated above, Murillo has made several "responses" to the Court's order vacating the § 2255 Motion involving numerous arguments and voluminous attachments. It is unclear whether Murillo is asserting any new claims in these submissions beyond those initially addressed in the Memorandum Decision. To the extent that he is, they are denied. The Court's Order was limited in nature and did not give Murillo leave to file new claims. Furthermore, even if Murillo had so construed it, those claims would be subject to dismissal on statute of limitations grounds unless they not only arose out of the same "conduct, transaction, or occurrence" set forth in his original § 2255 Motion but are also "'tied to a common core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 125 S.Ct. 2562, 2572 (2005) (citation omitted).

**B.     Defective Indictment Motions**

A review of these motions and attachments indicates that Murillo is simply restating his prior § 2255 arguments under the guise of Rule 33(a) motions for a new trial. He continues to argue (1) that the evidence did not support a conviction, (2) that he has newly discovered evidence indicating his innocence, (3) that the underlying search was illegal, and (4) that his is the victim of grand jury abuse and prosecutorial misconduct. The Court has dismissed these claims in the § 2255 Motion and will not re-address them here.

**MEMORANDUM DECISION AND ORDER** - 12

To the extent that Murillo relies on Federal Rule of Criminal Procedure 33 as the basis for these motions, the claims are also dismissed. The rule provides that new trial motions based on newly discovered evidence must be filed within three (3) years after the verdict. New trial motions on any other grounds must be filed within seven (7) days after the verdict. The verdict in this case was rendered on September 1, 1999. Accordingly, the time for filing a motion under this rule has long since expired.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Dismiss (Docket No. 307 in CR-99-31-E-BLW) is GRANTED and Defendant's Motions Pursuant to § 2255 (Docket No. 236 in CR-99-31-E-BLW and Docket No. 34 in CR-99-39-E-BLW) are DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case Nos. CV-02-192-E-BLW and CV-02-193-E-BLW are DISMISSED and any pending motions therein are MOOT.

IT IS FURTHER HEREBY ORDERED that Defendant's Defective Indictment Motion (Docket No. 315 in CR-99-31-E-BLW and Docket No. 44 in CR-99-39-E-BLW) and Motion for Evidentiary Hearing and for Release from Custody, and Defendant's Renewed Motion to Dismiss Superseding Indictment

(Docket No. 323 in CR-99-31-E-BLW and Docket No. 48 in CR-99-39-E-BLW) are DENIED.

DATED: **October 28, 2005**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER** - 14